# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2017-0135, <u>State of New Hampshire v. Shawn Murphy</u>, the court on April 12, 2018, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Shawn Murphy, appeals his conviction, following a jury trial in Superior Court (<u>Howard</u>, J.), on a charge of burglary. <u>See</u> RSA 635:1 (2016). He argues that the evidence was insufficient to support his conviction.

When considering a challenge to the sufficiency of evidence to support a criminal conviction, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all of the evidence and all reasonable inferences from it in the light most favorable to the State. <u>State v. Sanborn</u>, 168 N.H. 400, 412 (2015). We examine each item of evidence within the context of all of the evidence, and not in isolation. <u>Id</u>. at 413. The trier of fact may draw reasonable inferences from the facts proved and from facts found as a result of other inferences, so long as such inferences can be reasonably drawn therefrom. <u>Id</u>.

It is the defendant's burden to demonstrate that the evidence at trial was insufficient to prove his guilt. <u>Id</u>. at 412. To prevail on a sufficiency of the evidence challenge when the evidence as to one or more elements of the crime is solely circumstantial, the defendant must show that the evidence does not exclude all reasonable conclusions except guilt. <u>Id</u>. at 413. The proper analysis, however, is not whether every <u>possible</u> conclusion consistent with innocence has been excluded, but whether all <u>reasonable</u> conclusions consistent with innocence have been excluded. <u>Id</u>. We still evaluate the evidence in the light most favorable to the State, and determine whether an alternative hypothesis is sufficiently reasonable that a rational juror could not have found guilt beyond a reasonable doubt. <u>Id</u>.

To convict the defendant of burglary, the State was required to prove both that he engaged in an unauthorized entry of a building or occupied structure, and that his intent was to commit a crime therein. <u>State v. Zubhuza</u>, 166 N.H. 125, 129-30 (2014); RSA 635:1, I. In this case, the defendant was charged with entering the victims' residence with the purpose of committing theft. On appeal, the defendant does not contest the sufficiency of

the evidence to prove that he entered the victims' residence during the time frame in which it was burglarized. Rather, he argues that the evidence does not exclude reasonable explanations for his presence that are inconsistent with him having entered with the purpose of committing theft.

The evidence in the record establishes that at some point during a four or five-day period in August 2014, when the victims were staying at a vacation home in Maine, their residence in Rochester was broken into, items of personal property were taken from it, and the house was left in "shambles." Nearly every room in the house had been "ransacked" and was littered with the contents of drawers, closets, and boxes dumped on the floor. Items that had been taken included smaller items, such as coins, medals, and jewelry, as well as larger items, such as a 42-inch flat-screen television and a grandmother clock. Also among the items taken were prescription Oxycodone pills and three-and-a-half cases of wine.

After the victims had begun to clean up, they discovered spots of blood on an index card, a plate, and a cedar chest in the master bedroom. They also found an area of the master bedroom floor that was wet and a "little red," with a bottle of cleaning solution, which they did not own, nearby; the victims believed that the spot on the floor was blood that someone had attempted to clean. The police took samples of blood, and a subsequent test of one of the samples revealed the presence of the defendant's DNA. The victims did not know the defendant, and had never given him permission to enter their house. Nor had they opened their house to the public. The State introduced evidence that the defendant had a history of substance abuse, including intravenous drug use, and that approximately three weeks prior to the burglary, he had stated in a letter that he was struggling with substance abuse.

During opening statements, the defendant represented that he would testify that he had entered the house at the invitation of a drug-dealer friend, whom he described as lacking a stable residence, to purchase heroin, that he had injected himself in the master bedroom with the heroin, that in the process of injecting himself, he had thrown the needle on the floor and some blood had escaped from his arm, and that shortly thereafter, he had retrieved the needle and left the house at the friend's request. However, the defendant did not, in fact, testify. Nor was any evidence introduced that someone was selling drugs from the property during the time frame in which it was burglarized. During his closing argument, the defendant again suggested, over the State's objection, that it would be reasonable to find that he "could have had reason to go to see somebody [who could have been involved with a burglary] wherever they were, to get his drugs, to use his drugs and he could have left some blood behind."

On appeal, the defendant argues that "the evidence admitted at trial is consistent with significant features of [his] alternative hypothesis." Specifically, he emphasizes evidence that some waffles had been taken from an otherwise

2

sealed box, that there were cleaning supplies present, and that many items, including larger items, were taken, to suggest that the intruders were there "for more than the short time necessary merely to find and remove the stolen items." He further argues that "the fact that no blood was found at the site of presumed entry into the house, coupled with the fact that at least some of the blood was found beneath strewn-about property," indicates that someone bled after entering the house and before the house was ransacked, and corroborates "the suggestion that the intruders spent more than the minimum time in the house necessary to steal." Finally, he argues that evidence of his drug abuse "offered a plausible explanation for the presence of a small amount of his blood in the house." Thus, he contends that "it would not be irrational to deduce that, as a drug abuser, he visited the home for the purpose of buying and using drugs," and that absent other evidence tying him to the crime, the State's proof was insufficient. We disagree.

The evidence introduced at trial establishes that the defendant entered the residence, without authority, during the time frame in which it was burglarized. That the house was ransacked and left in that condition, with valuable items of property missing, supports a finding of intent to commit a theft. As the State argues, the defendant's struggles with substance abuse establish a motive to steal valuable items of property from the house in order to support a drug habit. The fact that prescription Oxycodone pills and cases of wine were among the items stolen is consistent with such a motive. Moreover, we note that evidence of an attempt to clean an area of blood on the floor amidst an otherwise ransacked house indicates an attempt to conceal the identity of the person who had bled. Cf. State v. Edic, 169 N.H. 580, 590 (2017) (evidence that the defendant flushed a towel used to clean the victim's blood down a toilet constituted evidence of consciousness of guilt).

There was no evidence that the house was otherwise being used by a drug dealer for drug sales. Viewing the record as a whole and in the light most favorable to the State, we cannot say that the defendant's alternative hypothesis that he had entered the residence solely to purchase and use drugs was sufficiently reasonable that a rational juror could not have found guilt beyond a reasonable doubt. See Sanborn, 168 N.H. at 414.

Affirmed.

Lynn, C.J., and Hicks, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

3